No. 367.—STATE OF LOUISIANA *v.* SIMON PHELPS and CHARLES BROWN.

An indictment for the crime of murder is sufficiently explicit to advise the accused of the charge against him if it charges "then and there did feloniously kill, slay and murder," without containing the words "with malice aforethought."

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *Watkins*, J. *L. B. Watkins*, District Attorney, for the State. *Richard W. Turner*, for defendants and appellants.

HOWE, J. The defendants having been indicted for murder, found guilty without capital punishment and sentenced accordingly, have appealed.

The only question raised is in regard to the sufficiency of the indictment. It alleges "that on the first day of November, one thousand eight hundred and seventy, and at and in the said parish of Bossier, one Simon Phelps and one Curry Moss and one Charles Brown, all late of the said parish of Bossier, laborers, then and there did willfully, maliciously and feloniously kill, slay and murder one Julius Williams, in the peace of the State then and there being, contrary to the statute

of the State of Louisiana in such case made and provided, and against the peace and dignity of the same."

The only objection made is that the indictment does not contain the words "of their malice aforethought," or "with malice aforethought," which it is urged are indispensable, and the case of State v. Heas, 10 An. 195, and section 1048 of the Revised Statutes of 1870, are relied upon in support of this position.

It is the duty of courts of justice to maintain with care those safeguards of the law in criminal matters which are intended, not for the escape of the guilty, but for the protection of the presumably innocent. And if the words whose absence is here complained of were in any reasonable sense necessary to advise the defendants of the charge against them, and enable them to prepare for their defense or hereafter to plead the proceedings in bar of another prosecution, we should not hesitate to reverse the judgment. But we are constrained to think that the words "with malice aforethought," when used in connection with and in addition to the word "murder," are not only one of those unnecessary prolixities whose use is dispensed with by the statute of 1805 (R. S. 1870, section —), but one of those tautologies which are no more requisite in an indictment than they are pardonable in a literary essay. We need in criminal matters the "justice, mercy and truth' of the common law, and not its "mint, anise and cummin." There is no more need that the State of Louisiana should make vain repetitions in her pleadings than there is that her Christians should make them in their prayers.

The word "murder," used as a verb, implies, of necessity, the idea of malice aforethought. State v. Forney, 24 An. 191. When, therefore, the accused in this case were told that they had on a certain day killed and murdered a certain man in the peace of the State, they were distinctly informed that they had "killed a reasonable being in the peace of the State, with malice aforethought, either express or implied." In other words, they were accused of murder, with particularity as to place, time, animus and victim. We must decline to follow the decision in State v. Heas.

Nor do we think the statute quoted militates against the view we have felt constrained to take. It declares that it shall be sufficient in an indictment for murder to charge that "the defendant did feloniously, willfully, and of his malice aforethought, kill and murder the deceased." But it does not declare that phraseology less tautological should be insufficient.

Judgment affirmed.

_____

HOWELL, J, *dissenting*. I think the case of the State v. Heas, 10 An. 195, enunciates the true doctrine on the subject under consideration, and for the reasons therein given I must dissent in this case.